UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN D. BARTRAM, | CIVIL ACTION NO. |
| PLAINTIFF, | 3:02CV2148(SRU) |
| V. | |
| CARL ROSENSWEIG, ASSISTANT CHIEF OF POLICE, "JA" GAREWSKI, POLICE CAPTAIN, JOSEPH LASATA, POLICE LIEUTENANT, STEPHEN B. ESTES, POLICE SERGEANT,  AND IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES | |
| DEFENDANTS. | FEBRUARY 24, 2004 |

### SECOND AMENDED COMPLAINT

**I.    PRELIMINARY STATEMENT**

This action is brought by plaintiff against defendants, who acting under color of state law, charter, ordinance, regulation, custom or usage, unlawfully violated plaintiff's civil and due process rights, and intentionally retaliated against him in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff brings this action for state common law claims of false imprisonment, defamation, and intentional infliction of emotional distress.

**II.    NATURE OF ACTION**

This action arises under Title 42 U.S.C. § 1983, The Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of Connecticut for false imprisonment, defamation and intentional infliction of emotional distress.

1

### III. JURISDICTION

This court's jurisdiction is invoked pursuant to Title 28 U.S.C. §1331 and the aforementioned constitutional provisions. Plaintiff's further invokes the supplemental jurisdiction of this court to hear and decide claims arising under state law. The amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), excluding interests and costs.

### IV. CAUSES OF ACTION

**FIRST COUNT:** (Violation of First, Fourth and Fourteenth Amendments as to individual defendants)

1. During all times material to this complaint, the plaintiff, BRIAN D. BARTRAM ("Bartram"), was a citizen of the United States, a resident of the State of Connecticut, and Town of Suffield.

2. During all times material to this complaint, the defendant, JAMES STRILLACCI, ("Strillacci") was a duly appointed Police Chief for the Town of West Hartford in the State of Connecticut, and is sued in his official and individual capacity.

3. During all times material to this complaint, the defendant, CARL ROSENSWEIG, ("Rosenswieg") was a duly appointed Assistant Police Chief for the Town of West Hartford in the State of Connecticut, and is sued in his official and individual capacity.

4. During all times material to this complaint, the defendant, "JA" GAREWSKI, ("Garewski") was a duly appointed Police Captain for the Town of West Hartford in the State of Connecticut, and is sued in his official and individual capacity.

3. During all times material to this complaint, the defendant, JOSEPH LASATA, ("LaSata"), was a duly appointed Police Lieutenant for the Town of West Hartford in the State of

2

Connecticut, and is sued in his official and individual capacity.

4. During all times material to this complaint, the defendant, STEPHEN B. ESTES ("Estes"), was a duly appointed Police Sergeant for the Town of West Hartford in the State of Connecticut, and is sued in his official and individual capacity.

5. At all material times plaintiff was a duly appointed Public Safety Dispatcher with the Town of West Hartford Police Department.

6. On April 17, 2002, the plaintiff complained to Garewski, LaSata and Estes regarding the poor workplace atmosphere in the Emergency Response Center ("ERC") which led to a unsafe working environment which was a public safety issue.

8. Garewski, LaSata and Estes were questioning plaintiff about, inter alia, a sexual relationship between other dispatchers and the resulting low morale and tension in the ERC.

9. Plaintiff complained that this hostile work environment created a danger to the community as it jeopardized public safety.

10. The above referenced discussion resulted in plaintiff complaining that Garewski, LaSata and Estes were not performing their duties properly and were negligent in promoting a safe and harassment free workplace in the ERC, and that the conditions could lead to errors in the performance of the dispatchers that would endanger police officers, firefighters and the public.

11. Plaintiff's concerns and the conditions in the ERC were embarrassing to Rosenswieg, Garewski, LaSata and Estes.

3

38. Plaintiff has suffered severe mental and emotional harm and distress and other physical injuries.

39. The actions of the defendants were and are extreme and outrageous, shocking to the sensibilities of any reasonable person and will continue unabated unless strictly prohibited by the court.

40. Plaintiff has been forced by the defendants' actions to undergo the expense of employing counsel to vindicate his constitutional and other civil rights.

41. Defendants are not privileged in their actions by either qualified or absolute immunity. An interest protected by the First Amendment,

42. The defendants' actions were motivated by or substantially caused by the plaintiff's exercise of that right.

43. The defendants' action effectively chilled the exercise of the plaintiff's First Amendment rights.

44. The acts of the defendants, under color of law, by virtue of their authority as Police supervisors and public servants of the Town of West Hartford, herein alleged constitute a denial to plaintiff of his substantive due process rights as guaranteed to him by the Fourteenth Amendment to the United States Constitution.

45. The acts of the defendants, under color of law, by virtue of their authority as Police supervisors and public servants of the Town of West Hartford, herein alleged constitute a denial to plaintiff of the equal protection of the law as guaranteed to him by the Fourteenth Amendment to the United States Constitution.

46. Despite their knowledge of the plaintiff's innocence the defendants continued to falsely

accuse the plaintiff, and disseminated information that the plaintiff was paranoid and a danger to self or others, without legal cause or factual grounds.

47. Defendants participated in this misconduct, were aware of their corrupt and illegal activity and their blatant disregard of the plaintiff's constitutional and civil rights.

48. Defendants have not expressed any legitimate reason for discriminating against the plaintiff.

49. As a result of the violation of the plaintiff's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature:

    a.    Loss of dignity, humiliation, and severe emotional pain and suffering;

    b.    loss of privacy within the sanctity of his home;

    c.    anxiety, fear, and trauma, associated with being falsely accused and unlawfully imprisoned, and harassed, coerced and intimated by the defendant law enforcement officers;

    d.    fear of and physical attacks to his person;

    e.    lost income; and

    f.    damage to his name and reputation.

50. Defendants' actions were willful, intentional and done in spite of their actual knowledge or in reckless disregard of plaintiff's constitutional rights.

51. Defendants' actions promoted an increasingly difficult working environment for plaintiff in violation of the aforementioned constitutional and statutory provisions.

52. The actions of the defendants were and are extreme and outrageous, and shocking to the sensibilities of any reasonable person.

9

53. Plaintiff has been forced by the defendant's actions to undergo the expense of employing counsel to vindicate the his civil rights.

**SECOND COUNT**   (**Intentional Infliction of Emotional Distress as to all Defendants**)

1-53. Paragraphs 1 through 53 of the Second Count are incorporated herein as Paragraphs 1 through 53 of this Count.

54. Plaintiff invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1367 and Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above that violate rights and duties established by the common law of the State of Connecticut.

55. The defendants, each and all of them, intended to inflict severe emotional distress upon Plaintiff, and knew or should have known at all times that their acts or omissions as alleged herein would result in severe emotional distress to the plaintiff.

56. The acts and omissions of the defendants, each and all of them, were extreme and outrageous.

57. As a direct and proximate result of said acts or omissions, the plaintiff suffered severe emotional distress.

**THIRD COUNT** (**Defamation as to all Defendants**)

1-57. Paragraphs 1 through 57 of the Second Count are incorporated herein as Paragraphs 1 through 57 of this Count.

10

58. The plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1367 and Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above that violate rights and duties established by the common law of the State of Connecticut.

59. At the time the plaintiff was taken into custody, numerous coworkers and the public were present.

60. After the defendants caused plaintiff to be taken into custody and illegally searched his home and property they published to plaintiff's coworkers and the public that he was "paranoid" and a "danger to self or others."

61. The defendants' statements and publication were false and defamatory.

62. The defendants failed to investigate the facts prior to publication.

63. The defendants' statements were made with malice and reckless disregard for the truth.

64. The defendant's statement was made with the intention of harming plaintiff's name and reputation.

65. As a direct and proximate result of the statements made by defendant, plaintiff suffered damages, including injury to his professional and personal reputation.

**FIFTH COUNT** (False Imprisonment as to all Defendants)

1-57. Paragraphs 1 through 57 of the Second Count are incorporated herein as Paragraphs 1 through 57 of this Count.

58. Plaintiff invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1367 and Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above that violate rights and duties established by the common law of the State of Connecticut.

59. The above referenced conduct by the defendants caused the plaintiff to be falsely imprisoned.

60. The plaintiff's physical liberty was restrained by the defendants when he was told that he was being taken into custody pursuant to General Statutes Section 17a-503 and he was forced into an ambulance.

61. The restraint was against the plaintiff's will, in that, he did not consent to the restraint and did not acquiesce to being taken into custody willingly.

62. The defendants' actions were done with the purpose of imposing a confinement, and with knowledge that such confinement would, to a substantial certainty, result from their actions.

63. Plaintiff claims damages.

**WHEREFORE**, the plaintiff claim judgment against the defendants as follows:

(1)  Compensatory damages in the amount of Two (2) Million Dollars;

(2)  Punitive damages;

(3)  Attorney's fees and costs as provided by 42 U.S.C. §§ 1983 other applicable law;

4.   An injunction barring further violation of plaintiff or others constitutional rights;

(5)  Such other relief in law or equity as the Court may deem appropriate;

(6)  A Jury trial is requested.

                            THE PLAINTIFF,

                            BRIAN BARTRAM


                        BY: _____
                            Erin I. O'Neil
                            Brewer & O'Neil, LLC
                            818 Farmington Avenue
                            West Hartford, CT  06119
                            (860) 523-4055
                            Federal Bar No. ct07019
                            His Attorney

13

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via U.S. Mail, postage pre-paid on February 24, 2004, to the following:

Scott M. Karsten, Esq.
Sack Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119

                                              Erin I. O'Neil, Esq.