17a-503, and had been released immediately following the examination." Second Amended Complaint, para 28.

Plaintiff's complaint fails to specify what "false fabricated information" he is referring to, and there is no evidence that the search warrant application contains any information that can be so characterized.

The plaintiff's claim that the defendants failed to disclose in the warrant that the plaintiff had been examined pursuant to C.G.S. § 17a-503, and had been released immediately, is simply absurd, as the defendants could not possibly "disclose" what had not yet occurred.  Plaintiff admitted that the search and seizure warrant was both drafted and submitted to a judge while he was still in the hospital being evaluated on April 17, 2002, and that a copy of the served warrant was left at his home with his wife before he had gotten home from the hospital.  Deposition Transcript of Brian Bartram, pp. 112:21-25, 113:6-25, 114:1-21.

As there is no evidence to support plaintiff's claim that the search warrant application contained false information or omitted any material information, and there was probable cause to apply for the warrant based on the circumstances more specifically described above, the defendants are entitled summary judgment on this claim.