```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

BRIAN BARTRAM,                        :   NO.: 3:02CV2148(SRU)
     Plaintiff,

vs.

TOWN OF WEST HARTFORD, ET AL.,        :   DECEMBER 6, 2004
     Defendants.
```

### DEFENDANTS' PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, the defendants in the above-captioned matter respectfully request that the Court instruct the jury as follows. Defendants also request permission to supplement or revise these instructions as necessary prior to and during trial.

```
                            DEFENDANTS, J.A. GAREWSKI,
                            JOSEPH LASATA and STEPHEN B.
                            ESTES


                         BY_____
                            Scott M. Karsten
                            Federal Bar No.: ct05277
                            Sack Spector and Karsten
                            836 Farmington Avenue
                            West Hartford, CT 06119
```

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 6th day of December, 2004, to the following counsel of record:

Erin O'Neill, Esquire
818 Farmington Avenue
West Hartford, CT 06119

Norman A. Pattis, Esquire
Williams & Pattis
51 Elm Street
New Haven, CT 06510

_____
Scott M. Karsten

## QUALIFIED IMMUNITY

In considering plaintiff's claims that he was subjected to false imprisonment you may also consider one of the defendants' affirmative defenses; namely, that he is entitled to qualified immunity, and that he cannot be held liable in his individual capacity to the plaintiff for damages under the law.

You are instructed that all government officials, including police officers, are entitled in proper cases to the defense of qualified immunity against claims under the Constitution for money damages.  This defense is intended to protect officers from liability arising from the performance of their duties, such as the use of force and making arrests.  These officers must routinely make close decisions in order to exercise the discretionary authority which is delegated to them.  The qualified immunity defense protects such officers from liability unless they are plainly incompetent or knowingly violated the law.

You are instructed that conduct is "objectively reasonable" unless it is obvious that no reasonably well-trained officer would have taken the same action under the same or similar circumstances.  If you find that the defendant's actions were objectively reasonable under the circumstances, even if they did

violate the plaintiff's constitutional right to be free from false imprisonment, then the defendants are entitled to qualified immunity and you must find in his favor.  Even if reasonable officers could disagree about whether probable cause existed for plaintiff's emergency evaluation, the defendant officer is entitled to judgment in his favor.

Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).